IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | <u>COMPLAINT</u> |
| **BAIRD TREE COMPANY, INC.** | ) ) | <u>JURY TRIAL DEMAND</u> |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action pursuant to Title VII of the Civil Rights Act of 1964, as amended (Title VII), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of national origin and retaliation and to provide appropriate relief to Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez who were adversely affected by such practices.

As alleged with greater particularity in the paragraph below, Plaintiff Equal Employment Opportunity Commission (Plaintiff or Commission) alleges Defendant Baird Tree, Inc. (Defendant or Defendant Employer) subjected a class of employees to disparate treatment by failing to pay overtime wages to Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio

Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez because of their nation origin, Hispanic, in violation of Title VII. The Commission also alleges Defendant retaliated with threats of termination after the aggrieved employees complained about the unlawful practice.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Knoxville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Baird Tree, Inc., (Defendant or Defendant Employer), a Tennessee corporation, has continuously been doing business in the State of Tennessee and the City of Jacksboro, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 2009, Defendant engaged in unlawful employment practices at its Jacksboro, TN location in violation of Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3). These unlawful practices include failing to pay overtime wages to Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez because of their national origin, Hispanic.

    a. Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo

Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez were all employed by Defendant.

b. The aggrieved employees held a variety of jobs for Defendant such as tree climbers, laborers, grounds men, cutters, drivers, and crew foremen.

c. Each of the aggrieved employees were non-salaried hourly employees and paid based on hours actually worked.

d. During the aggrieved employees' employment by Defendant, each regularly worked in excess of 40 hours per week.

e. Defendant owed each overtime pay of time and a half for all worked overtime hours pursuant to its policies and prevailing labor law.

f. Defendant did not pay overtime wages to any of its Hispanic employees and instead paid only regular wages for overtime work each completed.

g. Defendant paid overtime wages to non-Hispanic employees while refusing to pay overtime wages to Hispanic employees Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez.

h. Defendant continued this unlawful pattern and practice not paying Hispanic employers overtime wages until August 2010, when the aggrieved parties filed charges of discrimination.

4

8. The effect of the practices complained of in Paragraph 7(a)-(h) above has been to deprive Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin, Hispanic.

9. Since at least May 2009, Defendant Employer has engaged in unlawful employment practices including retaliatory threats against Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez because of their ongoing complaints regarding their unpaid overtime wages.

   a. As set forth above in paragraphs 7(a)-(h), Defendant engaged in a practice of not paying overtime wages to Hispanic employees while appropriately paying such wages to its non-Hispanic employees.

   b. Crew Foremen Mario Almanza and Arturo Almanza repeatedly complained about this unlawful practice on both their own behalf and on behalf of other Hispanic employees to Defendant's owner and President Bobby Baird and Vice-President Gene Bruce in 2009 and 2010.

   c. Defendant's President Baird falsely claimed that he did not pay overtime wages in response to the complaints.

  d. Defendant's Vice-President Gene Bruce denied all such complaints and requests for equal pay, and threatened to terminate any Hispanic employee who continued to oppose the unlawful practice. Vice-President Bruce also threatened to contact immigration on any employees who continued to complain about the unlawful practice of not paying Hispanic employees overtime wages.

  e. Vice-President Bruce's threats of termination had a chilling effect on the aggrieved employees' willingness to oppose the unlawful conduct.

10. The effect of the practice complained of in paragraphs 9(a)-(e) above has been to deprive Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez of equal employment opportunities and otherwise adversely affect their status as employees because of such retaliatory threats and intimidation.

11. The unlawful employment practices complained of in paragraphs 7(a)-(h) and 9(a)-(e) above were intentional.

12. The unlawful employment practices complained of in paragraphs 7(a)-(h) and 9(a)-(e) above were done with malice and reckless indifference to the federally protected rights of Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez.

## PRAYER FOR RELIEF

  Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, from engaging in wage discrimination on the basis of national origin and retaliation.

B. Order Defendant Employer to institute and carry out polices, practices, and programs which provide equal employment opportunities for Hispanics, and which eradicate the effects of its past unlawful employment practices.

C. Order Defendant Employer to make whole Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a)-(h) and 9(a)-(e) above, in amounts to be determined at trial.

D. Order Defendant Employer to make whole Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a)-(h) and 9(a)-(e) above, in amounts to be determined at trial.

E. Order Defendant Employer to pay Arturo Almanza, Mario Almanza, Diego Balion, Jose Bautista, Juan Bautista, Jesus Castaneda, Zeferino Castro, Rafael Chiquillo, Jose Dolhueia Ochoa, Eusebio Estrada Trejo, Cesar Galeana, Fernando Gonzalez, Humberto Nicolas

Serveriano, Leopoldo Nicolas Severiano, Jose Padilla-Boyzo, Cesar Peres Valles, Zahir Rodas, Alejandro Salazar-Soria and Prisciliano Santiago-Lopez punitive damages for its malicious and reckless conduct described in paragraphs 7(a)-(h) and 9(a)-(e) above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams (with permission KA)
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

s/ Joseph M. Crout (with permission KA)
**JOSEPH M. CROUT**
Supervisory Trial Attorney
TN Bar No. 012957

s/ Kenneth Anderson
**KENNETH ANDERSON**
Trial Attorney
D.C. Bar No. 469576

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 900
Memphis, TN 38104
(901) 544-0137