IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:13-cv-570 (VARLAN/SHIRLEY) |
| BAIRD TREE COMPANY, INC. | ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

### INTRODUCTION

The Equal Employment Opportunity Commission (Commission or EEOC) filed this action on September 26, 2013 on behalf of a class of nineteen Hispanic workers. In its Complaint, the EEOC alleged that Baird Tree, Inc. (Defendant) violated Title VII of the Civil Rights Act of 1964 (Title VII) by maintaining a policy and practice of failing to pay Hispanic employees overtime pay while paying non-Hispanic American workers overtime wages. Further, the Commission alleged that Defendant also violated Title VII when Defendant threatened to discharge employees after they complained of the illegal practice. Defendant denies these allegations.

The Parties have agreed to fully resolve this action by entry of this Decree. This Decree does not constitute an admission of liability by Defendant. Defendant maintains that it consents

to the monetary judgment and the injunctive relief in this Decree to avoid the expense and inconvenience of trial because it is committed to having a non-discriminatory workplace.

The Parties consent to the jurisdiction of the Court over this action and do hereby agree to the entry of this Consent Decree.

**ORDER**

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has jurisdiction over the Parties and subject matter of this action.
2. This Consent Decree fully resolves all claims raised by the Commission in its Complaint in Civil Action No. 3:13-cv-00570, including compensatory and punitive damages, interest, attorney's fees and other costs arising out of the claims and issues raised by this lawsuit.
3. This Consent Decree shall remain in effect for a period of two years. The Court shall retain jurisdiction over this case during the term of this Consent Decree to enforce its terms.
4. Each Party to this Consent Decree shall bear its own expenses, costs and attorneys' fees.

**INJUNCTION**

5. Defendant and its officers, agents, employees, successors, assigns, and all other persons in active concert with it are enjoined from engaging in unlawful wage discrimination and retaliation in violation of Title VII for the duration of this Consent Decree. Specifically, Defendant is enjoined from engaging in wage discrimination on the basis of national origin and retaliating against any employee because of their opposition to such unlawful practices through the filing of a charge of discrimination, the giving of testimony or

assistance, or participation in any manner in any investigation, hearing or proceeding under Title VII.

6. Defendant shall not divulge, directly or indirectly, except as required by law, to any employer or potential employer of any of the aggrieved Charging Parties identified in Paragraph 8, any of the facts or circumstances related to any of the events and allegations raised in their respective charges of discrimination or through this litigation.

## MONETARY RELIEF

7. Defendant agrees to pay $19,000 in compensatory damages by cashier's check or money order no later than twenty (20) business days after the Court's entry of this Consent Decree. Any late payments will be subject to the accrual of interest on the unpaid amount pursuant to 28 U.S.C. § 1961.

8. Defendant shall mail a cashier's check or money order in the amount of $1000 to each of the nineteen Charging Parties listed below as remittance of their portion of the compensatory damages award identified in Paragraph 7. The nineteen aggrieved Charging Parties are:

(1) Arturo Almanza

(2) Mario Almanza

(3) Diego Balion

(4) Jose Bautista

(5) Juan Bautista

(6) Jesus Castaneda

(7) Zeferino Castro

(8) Rafael Chiquillo

3

(9) Jose Dolhueia Ochoa

(10) Eusebio Estrada Trejo

(11) Cesar Galeana

(12) Fernando Gonzalez

(13) Humberto Nicolas Serveriano

(14) Leopoldo Nicolas Severiano

(15) Jose Padilla-Boyzo

(16) Cesar Peres Valles

(17) Zahir Rodas

(18) Alejandro Salazar-Soria

(19) Prisciliano Santiago-Lopez.

The Commission will provide Defendant with the appropriate mailing address for submission of each Charging Party's $1000 payment within five (5) business days after entry of the decree.

9. Defendant will mail photocopies of all checks or money order payments made to Charging Parties pursuant to Paragraphs 7 and 8 to the Equal Employment Opportunity Commission, Memphis District Office, 1407 Union Avenue, Suite 900, Memphis, TN 38104, to the attention of Trial Attorney Kenneth Anderson within five (5) business days of issuance.

## **TRAINING**

10. Defendant shall provide training on wage discrimination to its senior management and human resource officials, including its President and owner Bobby Baird and Vice-President Gene Bruce, in accordance to the following terms:

A. Defendant shall retain a training consultant or experienced attorney to provide a two-hour wage discrimination training seminar within one hundred and eighty (180) days of the effective date of this Consent Decree. The training must address:

i. what constitutes unlawful wage discrimination under Title VII;

ii. Defendant's policies regarding payment of wages; and

Iii. how to report and document concerns regarding wage discrimination.

B. Each attendee of the two-hour training is required to sign a verification of attendance for the training.

C. If any training attendees do not speak or comprehend English, Defendant must also translate the training and its accompanying materials into Spanish.

D. Defendant's President Bobby Baird shall personally acknowledge the importance of avoiding discrimination and reiterate Defendant's non-discrimination policy during the two-hour training session.

E. Defendant shall submit copies of all training materials and signed attendance sheets to the Memphis District Office of the Equal Employment Opportunity Commission no later than thirty (30) days after completion of the training session. Defendant shall mail the materials to 1407 Union Avenue, Suite 900, Memphis, TN 38104, to the attention of Trial Attorney Kenneth Anderson.

## POSTING OF NOTICE

11. Within ten (10) business days after the Court's entry of this Consent Decree, Defendant shall post a copy of the Notice attached as Exhibit 1 to this Consent Decree in a location used to communicate with employees. The Notice shall remain posted for one year from the date of entry of this Consent Decree.

12. Defendant shall submit a statement indicating the date the Notice is initially posted and the location of its posting to the Memphis District Office of the Equal Employment Opportunity Commission via U.S. mail to 1407 Union Avenue, Suite 900, Memphis, TN 38104, to the attention of Trial Attorney Kenneth Anderson.

## RECORDKEEPING

13. For two years following entry of this Consent Decree, Defendant shall maintain and make available for inspection and copying by the Commission, records of each employee complaint regarding national origin, wage discrimination or retaliation. Each such complaint shall indicate the date of the complaint, the name and position of the complainant, the allegations, and the actions Defendant took to resolve the matter.

14. Defendant shall make any records created in compliance with Paragraph 13 above available for inspection and copying by the Commission after receiving five (5) business days advance notice from the Commission.

15. For two years following entry of this Consent Decree, Defendant shall maintain and produce to the Commission payroll records regarding any and all overtime compensation and hours worked for all employees.

16. Defendant shall submit overtime payroll records maintained in compliance with Paragraph 15 above to the Commission once every six months following entry of this Consent Decree. Defendant shall mail copies of the records to 1407 Union Avenue, Suite 900, Memphis, TN 38104, to the attention of Trial Attorney Kenneth Anderson.

## MISCELLANEOUS PROVISIONS

17. The terms of this Consent Decree shall bind the present and future representatives, agents, directors, officers and successors of Defendant in their respective capacities for

6

Case 3:13-cv-00570-TAV-CCS   Document 4   Filed 11/04/13   Page 6 of 7   PageID #: 20

the duration of the Decree. Defendant shall provide prior written notice to any potential purchaser of Defendant's business, a purchaser of all or a substantial portion of Defendant's assets, or any other successor, of the Commission's lawsuit and the existence of this Consent Decree. Nothing in this decree shall bind such representatives, agents, directors or officers in their individual capacities.

18. In the event that either party to this Consent Decree believes that the other party has failed to comply with any provision(s) herein, the complaining party shall notify the other party of the alleged non-compliance and shall afford the non-complying party ten (10) business days to satisfy the complaining party that it has already complied or to remedy the alleged non-compliance. If the non-complying party does not remedy its alleged failure, then the complaining party may apply to the Court for appropriate relief.

19. Nothing contained in this Consent Decree shall be construed to limit or otherwise change any obligation that Defendant may otherwise have pursuant to Title VII.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE